**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| GARY MANN, et al., | : | |
| Plaintiffs, | : | Case No. 2:08-cv-569 |
| v. | : | Judge Holschuh |
| TRACTOR SUPPLY CO., et al., | : | Magistrate Judge King |
| Defendants. | : | |
| | : | |

**MEMORANDUM OPINION & ORDER**

Plaintiff Gary Mann was injured when an automatic door closed on his shoulder as he was entering a Tractor Supply Company ("TSC") store. He subsequently filed this negligence action against TSC. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. This matter is currently before the Court on Defendant TSC's Motion for Summary Judgment. For the reasons stated below, the Court denies that motion.

**I.     Background and Procedural History**

On September 1, 2006, Plaintiff Gary Mann went to the TSC store located in Pickerington, Ohio. On his way into the store, he stopped momentarily to look at a display. Another customer walked past him through the automatic door. As Mann turned to follow that customer into the store, the automatic door unexpectedly closed on Mann, causing injury to his shoulder. The incident was captured on a security surveillance camera. (Ex. 1 to McCarter Aff.).

Mann filed suit in the Franklin County Court of Common Pleas on May 6, 2008, alleging that TSC breached its duty to maintain the store in a reasonably safe condition, and its duty to warn

customers of latent or hidden defects of which TSC knew or should have known. (Compl. ¶ 2).[1] His wife, Marina Mann, joins this suit, alleging loss of consortium.[2] TSC timely removed the case to federal court.

## II.     Standard of Review

Although summary judgment should be cautiously invoked, it is an integral part of the Federal Rules, which are designed "to secure the just, speedy and inexpensive determination of every action." Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986) (quoting Fed. R. Civ. P. 1). The standard for summary judgment is found in Federal Rule of Civil Procedure 56(c):

> [Summary judgment] . . . should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

Summary judgment will be granted "only where the moving party is entitled to judgment as a matter of law, where it is quite clear what the truth is . . . [and where] no genuine issue remains for trial, . . . [for] the purpose of the rule is not to cut litigants off from their right of trial by jury if they really have issues to try." Poller v. Columbia Broadcasting Sys., 368 U.S. 464, 467 (1962) (quoting Sartor v. Arkansas Natural Gas Corp., 321 U.S. 620, 627 (1944)). See also Lansing Dairy, Inc. v. Espy, 39 F.3d 1339, 1347 (6th Cir. 1994).

---

[1] Plaintiff also brought claims of negligence and product liability against John Does 1-5, who manufactured and installed the automatic door or who were responsible for its repair and maintenance. A Second Amended Complaint, filed on January 20, 2009, substituted Magic Door, Stanley Works, and Stanley Access for the John Doe defendants. On March 26, 2010, the parties stipulated to dismissal of all claims against these three defendants.

[2] Because Marina Mann's claim is derivative, the Court will refer to Plaintiff Gary Mann in the singular throughout this Memorandum Opinion & Order.

Moreover, the purpose of the procedure is not to resolve factual issues, but to determine if there are genuine issues of fact to be tried. Lashlee v. Sumner, 570 F.2d 107, 111 (6th Cir. 1978). The court's duty is to determine only whether sufficient evidence has been presented to make the issue of fact a proper question for the jury; it does not weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986); Weaver v. Shadoan, 340 F.3d 398, 405 (6th Cir. 2003).

In a motion for summary judgment, the moving party bears the initial burden of showing that no genuine issue as to any material fact exists and that it is entitled to a judgment as a matter of law. Leary v. Daeschner, 349 F.3d 888, 897 (6th Cir. 2003). All the evidence and facts, as well as inferences to be drawn from the underlying facts, must be considered in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986); Wade v. Knoxville Util. Bd., 259 F.3d 452, 460 (6th Cir. 2001). Additionally, any "unexplained gaps" in materials submitted by the moving party, if pertinent to material issues of fact, justify denial of a motion for summary judgment. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157-60 (1970).

"[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson, 477 U.S. at 247-48 (emphasis in original). A "material" fact is one that "would have [the] effect of establishing or refuting one of [the] essential elements of a cause of action or defense asserted by the parties, and would necessarily affect [the] application of [an] appropriate principle of law to the rights and obligations of the parties." Kendall v. Hoover Co., 751 F.2d 171, 174 (6th Cir. 1984). See also Anderson, 477 U.S. at 248. An issue of material

3

fact is "genuine" when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. See also Leary, 349 F.3d at 897.

If the moving party meets its burden, and adequate time for discovery has been provided, summary judgment is appropriate if the opposing party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. Celotex, 477 U.S. at 322. The nonmoving party must demonstrate that "there is a genuine issue for trial," and "cannot rest on her pleadings." Hall v. Tollett, 128 F.3d 418, 422 (6th Cir. 1997).

> When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must -- by affidavits or as otherwise provided in this rule -- set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

Fed. R. Civ. P. 56(e).

The existence of a mere scintilla of evidence in support of the opposing party's position is insufficient; there must be evidence on which the jury could reasonably find for the opposing party. Anderson, 477 U.S. at 252. The nonmoving party must present "significant probative evidence" to demonstrate that "there is [more than] some metaphysical doubt as to the material facts." Moore v. Phillip Morris Companies, Inc., 8 F.3d 335, 340 (6th Cir. 1993). The court may, however, enter summary judgment if it concludes that a fair-minded jury could not return a verdict in favor of the nonmoving party based on the presented evidence. Anderson, 477 U.S. at 251-52; Lansing Dairy, Inc., 39 F.3d at 1347.

4

**III.    Analysis**

Plaintiff's Second Amended Complaint alleges that TSC breached its duty to maintain its premises in a reasonably safe condition for its customers, and to warn customers of latent or hidden defects of which TSC knew or should have known.

**A.    Relevant Law Re: Duty**

As a federal district court exercising diversity jurisdiction, this court is bound to apply the substantive law of the forum state. See Travelers Property Cas. Co. of Am. v. Hillerich & Bradsby Co., Inc., 598 F.3d 257, 264 (6th Cir. 2010). Under Ohio law, a plaintiff asserting a claim of negligence "must show the existence of a duty, a breach of that duty, and an injury resulting proximately therefrom." Menifee v. Ohio Welding Products, Inc., 15 Ohio St.3d 75, 77, 472 N.E.2d 707, 710 (Ohio 1984). Determination of whether a duty exists is a question of law for the court to decide. Mussivand v. David, 45 Ohio St.3d 314, 318, 544 N.E.2d 265, 270 (Ohio 1989).

The duties owed by landowners differ depending on the status of the person visiting the premises -- invitee, licensee, or trespasser. See, Provencher v. Ohio Dep't of Transp., 49 Ohio St.3d 265, 266, 551 N.E.2d 1257, 1258 (Ohio 1990). In this case, it is undisputed that Plaintiff, as a TSC customer, was an invitee. Storeowners are not insurers of their customers' safety. Nevertheless, they do have a duty to exercise "ordinary care in maintaining the premises in a reasonably safe condition." Paschal v. Rite Aid Pharmacy, Inc., 18 Ohio St.3d 203, 203, 480 N.E.2d 474, 475 (Ohio 1985). Storeowners also have a duty to "warn the invitee of latent or concealed defects" of which the owner knows or should know. Kubiszak v. Rini's Supermarket, 77 Ohio App.3d 679, 686, 603 N.E.2d 308, 313 (Ohio Ct. App. 1991). However, if a particular danger is open and obvious, the landowner has no duty to warn because it is presumed that the invitee will discover the danger and

5

protect himself from it. Sidle v. Humphrey, 13 Ohio St.2d 45, 48, 233 N.E.2d 589, 591 (Ohio 1968). See also Dynowski v. City of Solon, 183 Ohio App.3d 364, 372, 917 N.E.2d 286, 292 (Ohio Ct. App. 2009) ("when applicable . . . the open-and-obvious doctrine obviates the duty to warn and acts as a complete bar to any negligence claims.").

TSC has moved for summary judgment on Plaintiff's negligence claim. It maintains that it had no duty to warn because the alleged danger -- an automatic door -- was open and obvious. TSC further maintains that there is no evidence to support a finding that it was negligent in maintaining the automatic door. In contrast, Plaintiff argues that the danger was not open and obvious, and that genuine issues of material fact preclude summary judgment on the question of whether TSC was negligent in maintaining the door.

### B.     **Open and Obvious Danger**

TSC first argues that it had no duty to warn Plaintiff because the automatic door was an open and obvious danger. According to TSC, Plaintiff should have known of the risks associated with automatic doors and should have taken action to protect himself. In support of its argument, TSC cites to Brown v. Pet Supplies Plus, No. 98CA9, 1999 WL 689206 (Ohio Ct. App. Aug. 26, 1999). Victoria Brown, a business invitee, was standing just inside the entrance to a pet store. As she bent over to help her husband lift a box, another customer entered the store, causing the automatic door to open and strike Mrs. Brown in the head. Brown filed suit, alleging that the pet store should have warned of this dangerous condition. The court, however, found that the presence of the automatic door was an open and obvious danger and that no warning was required. Id. at *2.

Other courts have likewise held that when automatic doors operate as expected, they present an open and obvious danger, foreclosing recovery on negligence claims. See, e.g., Cassani v.

6

Meijer, Inc., No. 240486, 2003 WL 1365919, at *1 (Mich. Ct. App. Mar. 18, 2003) (trial court did not err in holding that an average person "would discover and realize the danger presented by the normal operation of an automatic door"); Rummel v. Henry Ford Health Sys., No. 271563, 2007 WL 1791955, at *1 (Mich. Ct. App. June 21, 2007) (holding that automatic emergency room doors, which plaintiff had passed through several times without incident, presented an open and obvious danger).

TSC argues that, as in Brown, the automatic doors constituted an open and obvious danger. Plaintiff, who admittedly was not paying much attention, simply stepped into the path of the door as it was closing behind the customer who had entered the store in front of him. TSC notes that the first of the two automatic doors had a circular warning affixed to it stating "Caution Automatic Door." (Harper Aff. ¶ 4). Plaintiff testified that he did not recall seeing the warning sign on the door. (Mann Dep. at 29). Nevertheless, he also testified that knew that the doors were automatic; he was a frequent customer at this store and had passed through these same doors on numerous previous occasions. (Id. at 83-87).

Plaintiff, however, argues that this case is factually distinguishable from Brown because as he entered the store on this particular occasion, the automatic door did not operate as expected. On previous occasions, the door had remained open until he had completely passed through it and he assumed that it would do so again. But this time, it closed on him unexpectedly and faster than usual. (Mann Dep. at 36-41). He contends that he had no way of knowing that the door would abruptly shut on him as he was passing through.

The Court agrees that this case is factually distinguishable from Brown and that the open-and-obvious doctrine does not apply. In Brown, the automatic door operated exactly as it was

intended to; it opened as another customer approached. Mrs. Brown should have anticipated that if another customer approached as she was standing in the path of the door, the door might hit her. She should have been aware of the risk and taken action to protect herself. The danger was open and obvious and the pet store had no duty to warn.

In contrast, Plaintiff in this case testified that the automatic door closed on him unexpectedly and faster than usual. This testimony gives rise to an inference that the door did not operated as it was supposed to do. Because the risk that it would abruptly shut on him was not an observable risk, Plaintiff could not be expected to protect himself from it. As one court has noted, "[c]learly, if the door was defective and the defect or breakdown in normal operation caused plaintiff's injuries, the open and obvious doctrine is not an available defense." Hoganson v. Menard, Inc., No. 2:04-cv-299, 2007 WL 4395534, at *3 (W.D. Mich. Dec. 12, 2007). See also Horvath v. Fisher Foods, Inc., 194 N.E.2d 452, 455 (Ohio Ct. App. 1963) (holding that jury question existed where plaintiff claimed that she was injured by *abnormal* operation of the door).

### C. Failure to Keep Premises in a Reasonably Safe Condition

Having concluded that the open-and-obvious danger doctrine is inapplicable, the Court turns to the question of whether TSC breached its duty to keep its premises in a reasonably safe condition or to warn invitees of a concealed defect in the automatic doors. Having reviewed the evidence presented, the Court finds that genuine issues of material fact preclude summary judgment on this issue.

In order to prove that TSC failed to exercise ordinary and reasonable care, Plaintiff must first show that TSC knew or should have known of the danger. Howard v. Rogers, 19 Ohio St.2d 42, 47, 249 N.E.2d 804, 807 (Ohio 1969)("where an occupier of premises for business purposes does

8

not, and could not in the exercise of ordinary care, know of a danger which causes injury to his business invitee, he is not liable therefor.").

Kenneth C. Harper, the Team Leader at TSC's Pickerington store submitted an affidavit stating that "[t]here were no previous incidents or evidence of malfunction of the automatic door and nothing to show that any employees of TSC knew or should have known that the automatic door had or would malfunction." (Harper Aff. ¶ 5). He further stated that "[t]o my knowledge, at no time was the automatic door found to have malfunctioned or been improperly maintained by TSC prior to the alleged incident." (Id. at ¶ 8).

Harper's affidavit, however, is directly contradicted by the deposition testimony of Katarzyna Burroughs, the TSC clerk who witnessed the automatic doors closing on Plaintiff. Burroughs testified that the doors would open and close on their own on a daily basis, "like the sensor sometimes was going on out on them or the sensor was too sensitive." When asked if she had ever discussed this with the store manager or other employees, she answered, "Always. We thought we had a ghost in the store." She further testified that she did not recall anyone ever taking any action to correct the problem. (Burroughs Dep. at 13-17). Plaintiff also testified that when the store manager called him a day or two after the accident, the manager told him that the doors had malfunctioned before. (Mann Dep. at 46-47).

TSC notes that although Burroughs testified that the doors often opened and then closed when no one was around, she also admitted that, prior to the incident involving Plaintiff, she had never seen the doors close prematurely on anyone attempting to pass through them. (Burroughs Dep. at 18). TSC therefore argues that there is no evidence that it had prior knowledge of this *particular* problem. Nevertheless, on a motion for summary judgment, the Court must consider all

9

reasonable inferences that could be drawn in Plaintiff's favor. It could easily be inferred that if there was a defect in the sensor that caused the door to open and close erratically, the same defect may have caused the door to shut prematurely on Plaintiff.

Because of the conflicting testimony of Harper and Burroughs, the Court finds that genuine issues of material fact exist concerning whether TSC knew or should have known of the alleged defect and neglected to warn customers of its presence or take prompt action to fix the problem. Summary judgment is therefore inappropriate.

**IV.     Conclusion**

For the reasons set forth above, the Court concludes that the open-and-obvious doctrine does not negate TSC's duty to warn in this case. Moreover, genuine issues of material fact preclude summary judgment on the question of whether TSC was negligent in maintaining its premises in a reasonably safe condition. The Court therefore **DENIES** Defendant Tractor Supply Company's motion for summary judgment. (Doc. 42).

**IT IS SO ORDERED.**


Date: May 10, 2010                                    **/s/ John D. Holschuh**
                                                      John D. Holschuh, Judge
                                                      United States District Court